# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GELITA USA, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 18 C 3268 |
| HAMMOND WATER WORKS DEPARTMENT, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Gelita USA, Inc. has sued the Hammond Water Works Department, arguing that the Department's refusal to provide water for Gelita's Illinois manufacturing plant at a reasonable rate violates Indiana law and the Commerce Clause of the United States Constitution. The Department has moved for judgment on the pleadings. For the reasons set forth below, the Court grants the motion.

## Background

The following facts are drawn from Gelita's allegations in its amended complaint, which the Court accepts as true for the purposes of the Department's motion for judgment on the pleadings. *See Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 400 (7th Cir. 2018).

The Hammond Water Works Department is a municipally owned utility that operates a water filtration plant in northwest Indiana. The Department's sole customer outside the state of Indiana is Gelita, which operates a gelatin manufacturing facility in

Illinois near the Indiana border. The Department has supplied water to Gelita (or predecessor businesses on the same site) for over one hundred years.

The Indiana Utility Regulatory Commission authorizes the rates that the Department may charge for its services. Since 1985, Gelita has paid a graduated rate of about 38 cents per thousand gallons, which accords with the current schedule of charges previously approved by the regulatory commission. By statute, the Department is required to charge rates that are "nondiscriminatory, reasonable, and just." Ind. Code § 8-1.5-3-8(b).

Since 2012, the Department has sought to significantly raise the rate it charges Gelita. Gelita has refused, and the parties have been unable to negotiate a mutually agreeable rate. In 2018, Gelita filed the present lawsuit, alleging that the Department's efforts to charge a rate higher than the one approved by the regulatory commission violate the United States Constitution and Indiana state law. The Department has moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

**Discussion**

"The standard for entering judgment on the pleadings is the same as that for dismissing a complaint for failure to state a claim: the complaint must state a claim that is plausible on its face." *Armada (Singapore) PTE Ltd. v. Amcol Int'l Corp.*, 885 F.3d 1090, 1092 (7th Cir. 2018) (internal quotation marks omitted). The Court considers only "the matters presented in the pleadings" and "must consider those pleadings in the light most favorable" to the non-moving party. *Unite Here Local 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017).

In its response brief, Gelita has voluntarily withdrawn its claim in count 2 for

violations of the Privileges and Immunities Clause of Article IV of the Constitution. The Court therefore dismisses count 2.

A.     **Dormant Commerce Clause claim**

In count 1, Gelita alleges that the Department's effort to charge a higher rate to an out-of-state customer violates the dormant Commerce Clause, which "precludes states from discriminat[ing] between transactions on the basis of some interstate element." *Comptroller of Treasury of Md. v. Wynne*, 135 S. Ct. 1787, 1794 (2015) (alteration in original) (internal quotation marks omitted).

1.     **Market participant doctrine**

The Department argues that Gelita cannot prevail on its dormant Commerce Clause claim because the Department is acting as a market participant. "[W]hen a state or local government enters the market as a participant it is not subject to the restraints of the Commerce Clause." *White v. Mass. Council of Constr. Emp'rs, Inc.*, 460 U.S. 204, 208 (1983). The market participant doctrine "reflects a basic distinction . . . between States as market participants and States as market regulators, [t]here [being] no indication of a constitutional plan to limit the ability of the States themselves to operate freely in the free market." *Dep't of Revenue of Ky. v. Davis*, 553 U.S. 328, 339 (2008) (alternations in original) (internal quotation marks omitted) (citation omitted).

The Seventh Circuit has noted the difficulty of drawing a principled distinction between "that which is considered a government function or regulatory activity and that which is considered proprietary activity." *Endsley v. City of Chicago*, 230 F.3d 276, 285 (7th Cir. 2000). In *Endsley*, the court explained that unlike proprietary activities, regulatory activities "have a substantial regulatory effect outside of" the particular

3

market in which the state participates. *Id.* (quoting *South-Central Timber Dev., Inc. v. Wunnicke*, 467 U.S. 82, 97 (1984)). The court also favorably cited the Fifth Circuit's decision in *New Orleans Steamship Ass'n v. Plaquemines Port, Harbor & Terminal District*, 874 F.2d 1018 (5th Cir. 1989), for the proposition that a "fee-for-service approach is not a regulation." *Id.* at 1021.

None of the allegations in Gelita's amended complaint supports a reasonable inference that the Department is acting as a regulator rather than a market participant. The Department charges fees in exchange for providing services to its customers—precisely the sort of "fee-for-service approach" that constitutes paradigmatic market participation. *Id.* The fact that the state of Indiana limits the fees the Department may charge does not suggest that the Department acts a regulator; at most, it implies that the Department is a regulated market participant.

Gelita makes three counterarguments, none of which is persuasive. First, it cites the Supreme Court's decision in *Sporhase v. Nebraska ex rel. Douglas*, 458 U.S. 941 (1982), to argue that the Department cannot be a market participant because a state cannot have a proprietary interest in water. This argument depends on an untenable interpretation of *Sporhase*, in which the Supreme Court addressed whether groundwater is an article of commerce. In noting the demise of "public ownership theory," *id.* at 951, the Court rejected only the expansive notion that a state is free to override the ownership interests of its citizens who capture animals or other natural resources within the state. Contrary to Gelita's argument, *Sporhase* does not imply that a state may not have a proprietary interest in a natural resource like water when the state itself captures that resource.

4

Second, Gelita contends that the Department cannot participate in the market for water because Indiana law prevents the state or municipal governments from having a proprietary interest in water collected from natural lakes. It cites Indiana Code § 14-25-1-2, which provides that water in a "natural lake . . . in Indiana that may be applied to a useful and beneficial purpose is declared to be: (1) a natural resource and public water of Indiana; and (2) subject to control and regulation for the public welfare as determined by the general assembly." Gelita contends that this statute requires Indiana to hold water in the public trust and thus that the Department's role in providing water is necessarily regulatory. But Gelita cites no authority suggesting that the applicability of the market participant doctrine hinges on the precise nature of the state's control over a resource. That is, there is no apparent reason that the Department cannot hold the water in the public trust *and* participate in the market for water, just as a private trustee who invests trust assets in an index fund participates in the stock market.

Third, Gelita contends that the market participant doctrine exempts only the state itself, not municipal entities within the state. It cites *W.C.M. Window Co. v. Bernardi*, 730 F.2d 486 (7th Cir. 1984), in which the Seventh Circuit considered a dormant Commerce Clause challenge to an Illinois law that required local governments financing public works projects to hire contractors that employed Illinois laborers. *Id.* at 489. The court cautioned that the question of regulation versus market participation could differ between the state government and the municipalities. It concluded that although local governments were acting as market participants by entering directly into public works contracts, the state had acted as a regulator by dictating the terms of those contracts. *Id.* at 495–96.

5

*Bernardi* does not support Gelita's argument. Gelita challenges only the actions of the Hammond Water Works Department—a municipally owned utility—not those of the state as a whole. The fact that Indiana regulates water rates does not show that the Department is itself engaged in regulatory activity. To the contrary, *Bernardi* stands for the proposition that the applicability of the market participant doctrine depends on which entity's conduct is at issue. Because Gelita has not alleged facts that support a reasonable inference that the Department is acting in a regulatory capacity rather than as a market participant, its actions fall within the market participant exception to the dormant Commerce Clause.

### 2. Exception for natural resources

Alternatively, Gelita argues that even if the market participant doctrine generally applies to the Department's activities, the Court should recognize an exception to the doctrine when a state or municipal government participates in a market for natural resources. Gelita relies on the Supreme Court's decision in *Reeves, Inc. v. Stake*, 447 U.S. 429 (1980), in which the Court considered whether it should craft such an exception. It noted that although the risks that a state might hoard its natural resources implicated "the core purpose of the Commerce Clause"—namely, to ensure the free flow of commodities and resources between the states—the proposed exception did "not fit the present facts" because the resource at issue was cement. *Id.* at 443. Because cement "is the end product of a complex process whereby a costly physical plant and human labor act on raw materials," the Court reasoned that it is not a natural resource in the relevant sense. *Id.* at 444. The Court added that the petitioner had not alleged that South Dakota possessed "unique access to the materials needed to

6

produce cement." *Id.* Moreover, it noted that the state's policy did not altogether prevent out-of-state buyers from purchasing cement but only charged a premium to those buyers, a result the court called "not wholly unjust." *Id.* at 444 n.17.

Gelita argues that these remarks in *Reeves* impose a limitation on the market participant doctrine when a state or local government participates in the market for natural resources, though it cites no cases in which a court has applied such a limitation. The Court declines to do so now. In considering a similar argument, the Third Circuit has noted that it would be "inconsistent with the [market participant] doctrine's theoretical foundation" to exempt natural resources from its reach. *Swin Res. Sys., Inc. v. Lycoming County*, 883 F.2d 245, 252 (3d Cir. 1989). Even if it that apparent inconsistency did not counsel against recognizing the exception, however, this case does not present an appropriate set of facts in which to apply the *Reeves* dicta. For example, the Department and the state of Indiana do not have "unique access" to the waters of Lake Michigan. *Reeves*, 447 U.S. at 444. And, as in *Reeves*, the Department seeks to charge a premium on its out-of-state sales but not to altogether prevent Gelita from obtaining the resource. *See id.* at 444 n.17. This case therefore falls outside any exception for natural resources that might be appropriately derived from *Reeves*.

Because the Hammond Water Works Department is acting as a market participant and the Court declines to limit the market participant doctrine in the context of the case, Gelita has not stated a claim for relief that is plausible on its face. The Department is thus entitled to judgment on the pleadings with respect to count 1.

**B.  State law claims**

Gelita's two remaining claims allege that the Department violated Indiana law by seeking to increase its rates without the state regulator's approval, see Ind. Code § 8-1.5-3-8(f)(2), and imposing unjust or discriminatory prices, see id. § 8-1.5-3-8(b).

The Department argues that it is entitled to judgment on the pleadings because these statutes do not govern its agreement to provide water to Gelita. It points out that the dormant Commerce Clause prohibits Indiana from directly regulating interstate transactions. See, e.g., Legato Vapors, LLC v. Cook, 847 F.3d 825, 830 (7th Cir. 2017) ("Generally, courts will strike down a statute that 'directly regulates or discriminates against interstate commerce. . . .'" (quoting Brown-Forman Distillers Corp. v. N.Y. State Liquor Auth., 476 U.S. 573, 579 (1986)). The Court must avoid construing the Indiana statutes to impose regulations that would risk running afoul of the Commerce Clause. See Markadonatos v. Village of Woodridge, 760 F.3d 545, 548 (7th Cir. 2014) ("We are adjured by countless Supreme Court decisions to avoid statutory interpretations that raise serious constitutional issues. . . ."). These principles counsel against interpreting the Indiana statutes on which Gelita relies to govern the Department's sales of water to out-of-state purchasers.

Gelita's arguments to the contrary lack merit. First, it contends that the Department's service area is not necessarily limited to the municipal boundaries but can also include all of the "territory served." Ind. Code § 8-1.5-4-3(2). Gelita argues that if its facility falls within the Department's service area, as it alleges, then the Department is required to follow the regulations that govern the provision of water within the service area. But this statute merely defines the Department's jurisdiction as a matter of state

8

law; it does not authorize Indiana to circumvent the constitutional restriction on regulation of interstate commerce by state governments.

Second, Gelita alleges that in 1985 the Department obtained approval from the state regulatory authority to increase the rate it charged Gelita. Gelita contends that this allegation permits a reasonable inference that the Department's provision of water to an out-of-state buyer is indeed subject to Indiana's regulations. The most one can reasonably infer from this allegation, however, is that the Department and the state of Indiana may have *believed* that Gelita was subject to Indiana's regulations—not that their belief was correct in light of the constitutional limitation on interstate regulation by state governments. The previous terms of Gelita's agreement with the Department are therefore immaterial to whether Gelita has adequately alleged violations of Indiana law.

Because Gelita has not plausibly alleged that the Hammond Water Works Department violated state law in seeking to charge a higher rate to an out-of-state buyer, judgment on the pleadings is appropriate on counts 3 and 4.

## Conclusion

For the foregoing reasons, the Court grants the defendant's motion for judgment on the pleadings [dkt. no. 42] and directs the Clerk to enter judgment in favor of defendant Hammond Water Works Department and against plaintiff Gelita USA, Inc.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: June 24, 2019